**LABORATORY CORP. OF AMERICA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 12–622C.

United States Court of Federal Claims.

Oct. 22, 2012.

David E. Frulla, Kelley, Drye & Warren, LLP, Washington, D.C., for plaintiff.

James R. Sweet, Civil Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General Stuart F. Delery, for defendant.

**ORDER**

ALLEGRA, Judge:

In this case, Laboratory Corporation of America (LabCorp) protests the refusal of the U.S. Department of Veterans Affairs (VA) to accept its quotation in response to request for quotations. The solicitation described the due date for submitting a quotation in a box which indicated: "OFFER DUE DATE/LOCAL TFME 05–31–2012 2:00 pm CST [Central Standard Time]."[1] An amendment to the solicitation indicated that offers were to be submitted through the U.S. General Services Administration's GSA e-Buy website. When plaintiff attempted to submit its offer on May 31, 2012, at 1:03 pm Central Daylight Time (CDT), the GSA website refused the submission because the website was programmed to accept offers only until 2:00 pm Eastern Daylight Time (EDT).

In its cross-motion for judgment on the administrative record, defendant argues that the VA properly refused to accept the quotation because, *inter alia*, the e-Buy website became, via the amendment, part of the solicitation. And, it asserts that the e-Buy website consistently indicated that the procurement would close at "2:00 pm EDT."[2] The record, however, does not include any screen shots from the relevant time period, thereby preventing the court not only from confirming what the website in question contained as of the relevant time, but also from determining whether the website itself, or any PDF or attachments linked therein, were modified between the time the amendment to the contract was issued and the time the procurement allegedly closed. If, as defendant claims, the website was part of the solicitation, then any modifications to it that changed the requirements, terms or conditions of the solicitation, presumably needed to be accompanied by a formal amendment. *See, e.g.,* 48 C.F.R. § 15.206.

As part of the administrative record, defendant has included a declaration from a GSA official which indicates that while GSA maintains a variety of server logs regarding the usage of its website by outside parties (some of which defendant invoked in this case), its computer system essentially purges, once a solicitation/request for proposal closes, the electronic information needed to retrieve or recreate a screen shot of the website.[3] The same declaration also indicates that a screen shot from GSA's website cannot be recreated using an internet archival feature, such as www.web.archive.org,[4] because the e-Buy website was password-protected. Of course, if defendant is correct that the website became part of the solicita-

---

1. For reasons unexplained, the solicitation set the May deadline using Central Standard Time even though daylight savings time, which presumably was the "local time," began on March 11, 2012. *See* Energy Policy Act of 2005, Pub.L. No. 109–58, 119 Stat. 594 (2005).

2. If true, this listing, of course, varied from the original solicitation in not one, but two ways. First, it referred to Eastern Time versus Central Time; second, it referred to Daylight Time rather than Standard Time.

3. The court notes that defendant added this declaration to the administrative record without fil-

ing a proper motion to supplement the administrative record. It should be noted that, in the past, defendant has successfully argued that materials not properly admitted to the record are not before the court. *See, e.g., Med. Matrix, LLP v. United States,* 2007 WL 5161789, at *7 (Fed.Cl. Dec. 12, 2007)

4. For a discussion of this website, more popularly known as the "Wayback Machine," *see Spectrum Sciences v. United States,* 84 Fed.Cl. 716, 738 (2008).

tion, then it would appear that GSA's computer system automatically discarded a portion of the solicitation.

The court is concerned that GSA has not maintained copies of materials that defendant claims were part of the solicitation in question (presumably such materials are also part of every solicitation that refers to the e-Buy website as the means for submitting an offer or proposal). In the court's view, GSA's conduct, when viewed through the prism of the arguments made by defendant in this case, raises questions as to whether spoliation sanctions of some form may be appropriate here. *See United Med. Supply Co., Inc. v. United States,* 77 Fed.Cl. 257 (2007); *see also Jandreau v. Nicholson,* 492 F.3d 1372 (Fed.Cir.2007). Briefing on this subject is required.

Accordingly,

1. On or before 5:00 pm, *EDT,* on October 29, 2012, defendant shall file a memorandum (not to exceed 20 pages) addressing whether the agency's destruction of solicitation materials constitutes spoliation and whether sanctions are appropriate. Defendant shall include with its response a copy of GSA's document retention policies applicable to the e-Buy website.

2. The briefing/argument schedule in this case is hereby modified as follows:

   a. On or before November 2, 2012, plaintiff shall file its reply to its motion and response to defendant's cross-motion, addressing therein defendant's memorandum regarding spoliation;

   b. On or before November 9, 2012, defendant shall file its reply in support of its cross-motion, addressing therein any remaining points regarding spoliation; and

   c. Oral argument on these motions for judgment on the administrative record will be held on November 14, 2012, at 10:00 a.m. (EST) at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. The courtroom location will be posted in the lobby on the day of the oral argument.

3. Should the delay in briefing/argument raise issues regarding the need to enjoin performance of the contract in question, the court is prepared to consider plaintiff's previously-filed motion for preliminary injunction.

**IT IS SO ORDERED.**